**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**UNITED STATES OF AMERICA**                                 **RESPONDENT**

**V.**                                        **CRIMINAL NO. 3:03cr122WS
CIVIL NO. 3:05cv471WS**

**AURORA J. TRIGG**                                **PETITIONER/DEFENDANT**

**ORDER**

Before the court is the motion of the petitioner Aurora J. Trigg brought pursuant to Title 28 U.S.C. § 2255,[1] seeking to vacate her sentence. The petitioner entered an plea of guilty to one count of unauthorized use of counterfeit credit cards in violation of Title 18 U.S.C. § 1029(a)(1) which provides that, "(a) Whoever – (1) knowingly and with intent to defraud produces, uses, or traffics in one or more counterfeit access devices ... shall, if the offense affects interstate or foreign commerce, be punished as provided in subsection (c) of this section." Under Section 1029(c), one convicted of violating subsection (a)(1) may be sentenced to ten years (120 months) if the offense does not occur after a conviction for another offense under this section. On April 23, 2004, this court sentenced the petitioner to serve 113 months in custody of the Bureau of Prisons, to be followed by a three-year period of supervised release. This court also ordered restitution in the amount of $4,125.92. No fine was imposed.

---

[1]Title 28 U.S.C. § 2255 provides in pertinent part that, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

The petitioner earlier agreed to enter a plea of guilty pursuant to the terms set forth in a Memorandum of Understanding. The United States Attorney notified the petitioner that, in exchange for her plea of guilty to count one of the indictment, the United States would dismiss count 2 and would recommend sentencing within the lower 25% of the guideline range. Paragraph 5 of the Memorandum of Understanding informed the petitioner that this court was not bound to accept the recommendation(s) of the United States Attorney. In paragraph 11 of the Memorandum of Understanding the petitioner agreed to waive her right to appeal her sentence or to attack her sentence collaterally under Title 28 U.S.C. § 2255.

Now, the petitioner brings this motion under § 2255, notwithstanding her agreement not to do so, to vacate or set aside her sentence, claiming that she entered her plea "without full knowledge" that the ultimate calculation of her sentence would be "enhanced" 16 levels based on her intent to cause a loss in excess of $1,000,000.00 in accordance with Section 2B1.1(b)(1)(I) of the United States Sentencing Guidelines. The petitioner believes that only actual loss should influence the sentencing calculation. The petitioner also is aggrieved that this court added 2 levels under Section 2B1.1(b)(9)(A) & (C) for moving her criminal scheme to another jurisdiction to avoid detection by law enforcement; that the court added 2 levels under 2B1.1(b)(10)(A)(B) and (C) for trafficking with a counterfeit device; and that this court added 3 levels under 3B1.1(b) for the petitioner's role as a manager/supervisor. This

court followed the mandatory requirements of the United States Sentencing Guidelines in deriving the petitioner's base offense level.[2]

According to the petitioner, this court's application of the mandatory provisions of the Sentencing Guidelines involved facts not proved to a jury beyond a reasonable doubt.  Thus, says petitioner, each addition of a level directed by the Sentencing Guidelines constituted enhancement of the petitioner's sentence based on matters not proved beyond a reasonable doubt at trial.  The petitioner also submits that the assistance provided by her attorney at sentencing was ineffective.  Finally, the petitioner claims to have been victimized by prosecutorial misconduct, asserting that the writer of her pre-sentence report relied on faulty, incorrect information.

## **THE PETITIONER WAIVED HER § 2255 RIGHTS**

The petitioner in this case waived her right to file the claims raised in this § 2255 motion.  *United States v. Wilkes*, 20 F.3d 651 (5th Cir.1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights).  The petitioner stated to this court under oath that she understood the charges against her, that she

---

[2]In *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), decided January 12, 2005, nine months after the petitioner's conviction, the United States Supreme Court extended to the Federal Sentencing Guidelines the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and reaffirmed in *Blakely v. Washington*, 542 U.S. 296, 120 S.Ct. 2531, 159 L.Ed.2d 403 (2004), that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 543 U.S. at 244, 125 S.Ct. at 756.  *See also Padilla v. United States*, 416 F.3d 424, 426 n. 1 (5th Cir.2005). The *Booker* Court also excised the provisions that made the Sentencing Guidelines mandatory, thereby rendering them advisory only.  *Booker*, 543 U.S. at 245, 125 S.Ct. at 756-57.  Nevertheless, at the time of the petitioner's conviction in the instant case the Guidelines were mandatory.

understood the maximum penalty, that she understood this court was not bound by any recommendation for sentencing submitted by the United States, and that she was satisfied with the performance of her attorney.  A petitioner's sworn statements in open court are entitled to a strong presumption of truthfulness.  *United States v. Lampaziane*, 251 F.3d 519, 524 (5th Cir. 2001);  *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).  The Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy."  *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002).

A federal prisoner may move to vacate, set aside or correct a sentence upon four cognizable grounds, none of which applies here:  (1) constitutional issues;  (2) challenges to the district court's jurisdiction to impose the sentence;  (3) challenges to the length of a sentence in excess of the statutory maximum;  and (4) claims that the sentence is otherwise subject to collateral attack.  *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).  The petitioner's contentions in the instant case are with the way in which the Sentencing Guidelines were applied and how the loss caused by the petitioner's illegal acts was calculated.

Even if the petitioner had not waived her § 2255 rights, a collateral challenge such as this motion under § 2255 may not be substituted for an appeal," *United States*

*v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982).  The petitioner in the instant case waived her right to appeal her sentence as well as her § 2255 rights.  She could not and did not pursue appeal of her sentence.  Now, the petitioner seeks collateral relief under § 2255 as a substitute for an appeal, a procedure which cannot be condoned in light of the decision in *Frady*.

Therefore, this court finds that the petitioner's guilty plea and waivers deprive her instant claims of any merit.   Nevertheless, this court briefly and in passing shall address the petitioner's concerns.

## NO CONSTITUTIONAL ISSUE

Relief under § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.  Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.  *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir.1992).  Moreover, the manner in which this court employs the criteria of the United States Sentencing Guidelines to determine a sentence implicates no constitutional issues.  *United States v. Faubion*, 19 F.3d 226, 233 (5th Cir. 1994).  At the time this court calculated the petitioner's sentence the United States Sentencing Guidelines were mandatory.  The matters which the petitioner refers to as "enhancements" are no more than this court's determination of the petitioner's base offense level in accordance with the mandatory directives of the Sentencing Guidelines.

## THE LOSS CALCULATION

The loss caused by the petitioner's illegal conduct greatly influenced the court's determination of her base offense level.  The meaning of the term "loss" is elucidated in an application note following Section 2B1.1 of the United States Sentencing Guidelines which explains that, as a general rule, "loss is the *greater* of actual loss or intended loss."  See U.S.S.G. § 2B1.1, *Commentary,* application note 3(A) (emphasis added).  This same application note defines "actual loss" as "the reasonably foreseeable pecuniary harm that resulted from the offense," and "intended loss" as the pecuniary harm that was intended to result from the offense.  "Reasonably forseeable pecuniary harm is defined as, "harm that the defendant knew or, under the circumstances, reasonably should have known, was a potential result of the offense. *Commentary,* application note 3(A)(I), (ii), and (iv).

The petitioner's argument is that the loss estimated by the probation officer and this court was not proved beyond a reasonable doubt.  Contrariwise, the calculation of loss under Section 2B1.1 is made under the preponderance of the evidence standard, not the beyond reasonable doubt standard.  *United States v. Watts*, 519 U.S. 148, 156, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997) (facts relevant to sentencing [are] proved by a preponderance of the evidence, USSG § 6A1.3, comment.).  This court is required to take a "realistic, economic approach to determine what losses the defendant truly caused or intended to cause." *United States v. Olis*, 429 F.3d 540, 546 (5th Cir. 2005).  United States Sentencing Guideline § 2B1.1(b)(1) provides that, "[i]f the loss exceeded $5,000.00, increase the offense level as follows: (I) More than $1,000,000.00 – add 16."  While the petitioner would have the court prove the

6

$1,000,000.00 amount beyond a reasonable doubt, this court need only make a reasonable estimate of the loss, given the available information.  *Olis*, at 546.

In the instant case the Addendum to the Presentencing Report presented by the United States Probation Office shows that the petitioner sent electronic mail messages which involved at least 2,691 stolen credit cards.  The probation officer determined that most of these stolen cards would have had a credit limit average of $500.00 each, notwithstanding that some of the cards were Visa Gold cards which could have had credit limits up to $20,000.00.  The Addendum explains the probation officer's method and rationale for determining the "loss" figure to be $1,306,400.00, the pecuniary harm that the petitioner knew or should have known to be the potential amount she could have realized from her illegal scheme.  This court accepted this determination of the loss, finding it to be reasonable under the circumstances.  This court rejected the petitioner's contention that the loss should be based on only 200 credit cards, multiplied by an average $400.00 credit limit, for a total of $80,000.00.  This court accepted the loss calculation of the United States Probation Office as the more accurate estimation.

## **THE PETITIONER'S *APPRENDI-BLAKELY* ARGUMENT**

The petitioner makes reference to the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), a case holding that, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a

plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Apprendi* does not apply in this case.

Since the petitioner's conviction and sentence, the *Apprendi* rationale was made applicable to the United States Sentencing Guidelines in the case of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), decided January 12, 2005, nine months after the petitioner's conviction based on her guilty plea. However, the United States Court of Appeals for the Fifth Circuit now holds that the *Booker* decision does not apply retroactively on collateral review to a first § 2255 motion. *United States v. Gentry*, 432 F.3d 600, 605 (5th Cir. 2005). Thus, even if the petitioner had not waived her § 2255 rights, *Booker* does not provide a basis for relief to a defendant whose conviction became final before the *Booker* case was decided. Id. at 603-04 & n. 2. Accordingly, any claim raised by the petitioner's pursuant to *Apprendi*, *Blakely*, and/or *Booker* fails because the *Booker* case is not applied retroactively.

## **THE INEFFECTIVE ASSISTANCE CLAIM**

To prevail on a claim of ineffective assistance of counsel, the petitioner must prove (1) that her counsel's actions fell below an objective standard of reasonableness and (2) that her counsel's ineffective assistance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984); *Bryant v. Scott*, 28 F.3d 1411, 1414-1415 (5th Cir. 1994). Under the first prong of the Strickland analysis, the court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. *Strickland*, 466 U.S.

at 689, 104 S.Ct. at 2065. The petitioner may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066. Under the second prong of the *Strickland* test, the defendant must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." *Murray v. Maggio,* 736 F.2d 279, 282 (5th Cir.1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

  As noted previously, the manner in which this court employs the criteria of the United States Sentencing Guidelines to determine a sentence implicates no constitutional issues. Moreover, how this court employs Sentencing Guideline criteria cannot serve as the basis for the defendant's claim that counsel's performance was deficient. *United States v. Faubion*, 19 F.3d at 233. The petitioner admits that her attorney raised objections to the court's employment of the Section 2B1.1 criteria, especially the calculation of loss, and that counsel offered an alternative calculation, an alternative which this court chose not to employ. Thus, this court finds no predicate for the assertion that counsel performed deficiently. Because the petitioner must satisfy both prongs of the *Strickland* test, and because she fails to establish either deficient performance or prejudice under the first prong of that test, this court find no need to examine whether a reasonable probability of a different outcome exists. *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997).

## **THE PROSECUTORIAL MISCONDUCT CLAIM**

The United States Supreme Court recognizes a basic presumption in criminal prosecutions that the government undertakes prosecutions in good faith. *Reno v. American-Arab Anti-Discrimination Commission*, 525 U.S. 471, 489, 119 S.Ct. 936, 142 L.Ed.2d 940 (1999). In the instant case, the petitioner believes that the loss calculation offered to the court through the probation officer's Addendum to the Presentencing Report constitutes prosecutorial misconduct.

Ordinarily, where the court is faced with a claim of prosecutorial misconduct, the charge is based on something the prosecutor did or failed to do. So, where a habeas petitioner raises the claim, the claim should be supported with a showing that some action or misconduct of the prosecutor, "made [the] trial so fundamentally unfair as to deny him (or her) due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 645, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974). Such is not the case here. Instead, the United States was obligated to establish the amount of loss by a preponderance of the evidence. *See United States v. Schild*, 269 F.3d 1198, 1200 (10th Cir. 2001). To prove intended loss, the United States was required to show that the petitioner realistically intended a particular loss, or that a loss in that amount was probable." *Id*. This was accomplished by the Addendum. The petitioner simply does not present a due process issue.

## **CERTIFICATE OF APPEALABILITY**

A noted above, the petitioner already has waived her right to appeal her sentence. Nevertheless, the petitioner will pursue and appeal of this court's holding in

the instant matter by requesting a Certificate of Appealability (COA). An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." Title 28 U.S.C. § 2253(c)(1)(A). This court may rule on a COA *sua sponte* because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious." *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A COA "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Title 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

Inasmuch as the petitioner has waived her right to appeal her conviciton and sentence, and inasmuch as she has made no showing that her constitutional rights have been denied, a Certificate of Appealability is hereby denied.

## **CONCLUSION**

Based on the foregoing analysis, the motion of the petitioner Aurora J. Trigg brought pursuant to Title 28 U.S.C. § 2255, seeking to vacate her sentence is denied.

**SO ORDERED** this the 12th day of March, 2007.

s/ HENRY T. WINGATE
CHIEF UNITED STATES DISTRICT JUDGE

Criminal No. 3:03-cr-122 WS
Order denying motion to vacate under § 2255